# POWER OF ATTORNEY
## by Earl K. Andrew, Jr.

## NOTICE

THE PURPOSE OF THIS POWER OF ATTORNEY IS TO GIVE THE PERSON YOU DESIGNATE (YOUR "AGENT") BROAD POWERS TO HANDLE YOUR PROPERTY, WHICH MAY INCLUDE POWERS TO SELL OR OTHERWISE DISPOSE OF ANY REAL OR PERSONAL PROPERTY WITHOUT ADVANCE NOTICE TO YOU OR APPROVAL BY YOU.

THIS POWER OF ATTORNEY DOES NOT IMPOSE A DUTY ON YOUR AGENT TO EXERCISE GRANTED POWERS, BUT WHEN POWERS ARE EXERCISED, YOUR AGENT MUST USE DUE CARE TO ACT FOR YOUR BENEFIT AND IN ACCORDANCE WITH THIS POWER OF ATTORNEY.

YOUR AGENT MAY EXERCISE THE POWERS GIVEN HERE THROUGHOUT YOUR LIFETIME, EVEN AFTER YOU BECOME INCAPACITATED, UNLESS YOU EXPRESSLY LIMIT THE DURATION OF THESE POWERS OR YOU REVOKE THESE POWERS OR A COURT ACTING ON YOUR BEHALF TERMINATES YOUR AGENT'S AUTHORITY.

YOUR AGENT MUST ACT IN ACCORDANCE WITH YOUR REASONABLE EXPECTATIONS TO THE EXTENT ACTUALLY KNOWN BY YOUR AGENT AND, OTHERWISE, IN YOUR BEST INTEREST, ACT IN GOOD FAITH AND ACT ONLY WITHIN THE SCOPE OF AUTHORITY GRANTED BY YOU IN THE POWER OF ATTORNEY.

THE LAW PERMITS YOU, IF YOU CHOOSE, TO GRANT BROAD AUTHORITY TO AN AGENT UNDER POWER OF ATTORNEY, INCLUDING THE ABILITY TO GIVE AWAY ALL OF YOUR PROPERTY WHILE YOU ARE ALIVE OR TO SUBSTANTIALLY CHANGE HOW YOUR PROPERTY IS DISTRIBUTED AT YOUR DEATH. BEFORE SIGNING THIS DOCUMENT, YOU SHOULD SEEK THE ADVICE OF AN ATTORNEY AT LAW TO MAKE SURE YOU UNDERSTAND IT.

A COURT CAN TAKE AWAY THE POWERS OF YOUR AGENT IF IT FINDS YOUR AGENT IS NOT ACTING PROPERLY.

THE POWERS AND DUTIES OF AN AGENT UNDER A POWER OF ATTORNEY ARE EXPLAINED MORE FULLY IN 20 Pa.C.S. Ch. 56. (20 Pa.C.S. Section 5601 et seq.)

IF THERE IS ANYTHING ABOUT THIS FORM THAT YOU DO NOT UNDERSTAND, YOU SHOULD ASK A LAWYER OF YOUR OWN CHOOSING TO EXPLAIN IT TO YOU.

I HAVE READ OR HAD EXPLAINED TO ME THIS NOTICE AND I UNDERSTAND ITS CONTENTS.

_____          _____12/7/18_____
Principal                                Date

# GENERAL POWER OF ATTORNEY

*KNOW ALL MEN BY THESE PRESENTS*, that I, Earl K. Andrew, Jr., of Waynesboro, Franklin County, Pennsylvania, hereby revoke any general power of attorney that I have heretofore given to any person and hereby appoint my wife, Shirlee Ann Andrew, (hereinafter "my Agent"), to be my true and lawful agent for me and on my behalf to perform all such acts as my Agents in my Agent's absolute discretion may deem advisable, as fully as I could do if personally present.

A. **DURABLE POWER**

Power Not Affected by Disability. This Power of Attorney is effective immediately and shall not be affected by my subsequent disability or incapacity.

B. **GENERAL GRANT OF BROAD POWERS**

Unless expressly limited herein, my Agent is hereby given the fullest possible powers to act on my behalf: To transact business; make, execute and acknowledge all agreements, contracts, orders, deeds, mortgages, writings, assurances and instruments for any matter, with the same powers and for all purposes with the same validity as I could, if personally present.

C. **SPECIFIC POWERS INCLUDED IN GENERAL POWER**

Without limiting the general powers hereby already conferred, my Agent shall have the following specific powers which are included in the foregoing general powers.

1. Banking and financial Institutions: General Financial Powers.

    (a) To deposit any funds received for me in my accounts in such bank or trust company or other depository as my Agent may select, either in my name or in my Agent's name as attorney-in-fact.

    (b) To withdraw from and to draw any check or other draft against any moneys held for me at any bank, saving fund or other place of deposit, whether such account was created by me or my Agent.

    (c) To endorse notes, checks and other instruments that may require my endorsement.

    (d) To pay all debts now owing or hereafter incurred by me.

    (e) To borrow money and incur debts (including the use of credit cards in my name) on my behalf, and to mortgage or pledge any property, real or personal, now or hereafter owned by me as security therefor and to satisfy of record any indentures of mortgage now or hereafter standing in my name or acquired account.

    (f) To have access to any safe deposit box standing in my name or in my Agent's name for me, and to add to or remove the contents of such box as a place in which to keep any personal property of my Agent.

(g) Generally, to transact any and all business for me with any bank, trust company or other depository.

2. <u>Stocks, Bonds, Securities and Investment.</u>

(a) To sell, exchange, pledge, assign, transfer and deliver to any person, at my Agent's discretion, all or any part of any stocks, bonds, notes, mortgages, interests in partnerships or other securities, and any and all personal property standing in my name or belonging to me, or over which I may have any power or control. To make, execute and deliver on my behalf all necessary deeds, assignments or transfers.

(b) To register any or all of my securities in my Agent's name as attorney-in-fact for me.

(c) To vote my securities in person or by proxy.

(d) To transact all business in relation to any stocks, bonds, securities, or other property in the nature thereof; to deposit the same under agreements of deposit; to participate in any plan of lease, mortgage, merger, consolidation, exchange, reorganization, recapitalization, liquidation, receivership or foreclosure with respect thereto; to exercise any rights to subscribe to new issues thereof; and generally to exercise all rights of management and ownership with respect thereto.

(e) To invest in any form of property, all funds and securities held or received for my account, keeping such cash reserves as, in my Agent's discretion, are necessary or desirable to meet conditions as they may exist from time to time. In the exercise of this power, my Agent may invest in any variety of real and personal property as in my Agent's discretion appears to be prudent investments, and my Agent shall not be liable to me for any error of judgment in the making or continuing of any investment.

3. <u>Real Estate.</u>

(a) To sell, exchange, pledge, assign, transfer and deliver to any person, at my Agent's discretion, all or any part of my real property, standing in my name or belonging to me, or over which I have any power or control.

(b) To make, execute and deliver on my behalf all necessary deeds, assignments or transfers.

(c) To operate real property, separately or jointly with others.

(d) To lease for any term any real property and to vary the terms, including rent payable, of any lease.

(e) To alter, repair, improve, mortgage, divide, exchange, join in the partition of, or give options with respect to, real property.

(f) To buy in at judicial sale any property on which I hold a mortgage.

(g) Generally to transact all business and to exercise all rights of

(f) Generally to transact any and all business for me with any bank, trust company or other depository.

2. Stocks, Bonds, Securities and Investment

(a) To sell, exchange, pledge, assign, transfer and deliver to any person, at my Agent's discretion, all or any part of any stocks, bonds, notes, mortgages, interests in partnerships or other securities, and any and all personal property standing in my name or belonging to me, or over which I may have any power or control. To make, execute and deliver on my behalf all necessary deeds, assignments or transfers.

(b) To register any or all of my securities in my Agent's name as attorney-in-fact for me.

(c) To vote my securities in person or by proxy.

(d) To transact all business in relation to any stocks, bonds, securities or other property in the nature thereof, to deposit the same under agreements of deposit, to participate in any plan of lease, mortgage, merger, consolidation, exchange, reorganization, recapitalization, liquidation, receivership or foreclosure with respect thereto, to exercise any rights to subscribe to new issues thereof and generally to exercise all rights of management and ownership with respect thereto.

(e) To invest in any form of property, all funds and securities now or hereafter received for my account, keeping such cash reserves as in my Agent's discretion are necessary or desirable to meet conditions as they may exist from time to time. In the exercise of this power, my Agent may invest in any variety of real and personal property as in my Agent's discretion appears to be prudent investments, and my Agent shall not be liable to me for any error of judgment in the making or continuing of any investment.

3. Real Estate

(a) To sell, exchange, pledge, assign, transfer and deliver to any person, at my Agent's discretion, all or any part of my real property, standing in my name or belonging to me, or over which I have any power or control.

(b) To make, execute and deliver on my behalf all necessary deeds, assignments or transfers.

(c) To operate real property, separately or jointly with others.

(d) To lease for any term any real property and to vary the terms, including rent payable, of any lease.

(e) To alter, repair, improve, mortgage, divide, exchange, join in the partition of, or give options with respect to, real property.

(f) To buy in at judicial sale any property on which I hold a mortgage.

(g) Generally to transact all business and to exercise all rights

management and ownership relating to real property.

4. **Claims, Law suits, Compromise and Miscellaneous Powers.**

   (a) To demand, sue for, levy, collect and give property receipts for all sums of money or property now or which may hereafter become due me from any source whatsoever, including all estates or trusts, proceeds of insurance policies or other property of any kind whatsoever.

   (b) To join with other parties in the compromise or settlement of any claims.

   (c) To make negotiate, sign and perform any and all agreements and contracts now in course of negotiation, execution, and settlement by me, or which may hereafter in the opinion of my Agent be to my interest or advantage, to effect, procure and continue insurance of any and every kind and description; and with full power and authority to manage any real and personal property and conduct my affairs generally.

   (d) To employ attorneys at law and such other agents, employees or representatives as my Agent may think proper, and to pay any claims, fees, expenses, wages, demands or obligations for which I may now be or may hereafter become liable.

   (e) To appear for and testify on behalf of me at any legal proceeding including bankruptcy proceedings.

5. **Tax Matters.** To prepare, execute and file in my behalf and in my name any and all income tax declarations and returns and any other tax returns and reports (including, but not limited to, protests, claims, elections, consents, closing agreements, waivers of statutes of limitations and extensions) and to represent me before the Internal Revenue Service or Treasury Department of any state or local taxing authority with respect to any claim or proceeding having to do with my tax liabilities, federal, state or local, for any and all years.

6. **Power to Delegate.** To substitute one or more agent or agents under my Agent, to carry out any of the general or specific powers hereby granted.

7. **Specific Financial Powers Defined by Statute.** The following powers are granted pursuant to Chapter 56 of the Pennsylvania Probate Estates and Fiduciaries Code as further defined therein:

   (a) To make unlimited gifts: My Agent may make gifts. The class of permissible donees shall include my wife, children and grandchildren, including my Agent if my Agent is a member of that class.

   (b) To create revocable or irrevocable trusts for my benefit or the benefit of any and all possible unlimited gift beneficiaries set forth in paragraph 7.(a), above.

   (c) To make additions to an existing trust for my benefit or the benefit of any and all possible unlimited gift beneficiaries set forth in paragraph 7.(a), above. I specifically authorize that the unlimited gift beneficiaries set forth in paragraph 7.(a), above, may be designated income or remainder beneficiaries, or both, of any trust.

(d) To claim an elective share of the estate of my deceased spouse.

(e) To disclaim any interest in property.

(f) To renounce fiduciary positions.

(g) To withdraw and receive the income or corpus of a trust.

(h) To revoke a revocable trust over which I have a power of revocation.

(i) To receive government benefits.

(j) To apply for and own, cash in, surrender, borrow against, purchase, maintain, collect, cancel, and/or change the ownership of any insurance policy insuring my life and/or to designate and change the beneficiary of any such insurance policy and/or to exercise any incident of ownership over such policies; to assign or transfer ownership of any insurance policy(ies) to himself or others and/or to designate himself or others as beneficiary thereof; no such action will be considered self-dealing or violation of fiduciary duty. The above powers shall be consistent with gifting authority as set forth in paragraph 7.(a), above.

8. <u>Release of Medical Information Under 45 CFR 164.502(g):</u> The Agent named in this Power of Attorney is hereby designated as my "Personal Representative" as defined by 45 CFR 164.502(g), commonly known as the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). The Agent is to have access to my health care and treatment information as I would have if I were able to act for myself. My Agent named herein is also authorized to take any and all legal steps necessary to ensure his or her access to information and such action shall include resorting to legal process, if necessary, to enforce my rights under the law and shall attempt to recover attorney's fees and damages as authorized by Pennsylvania law, in enforcing my rights.

In the event any third party fails to honor a request, instruction or direction by my Agent, I authorize my Agent to proceed against said third party (e.g., bank, stock broker, etc.) for incidental and consequential damages as authorized by 20 Pa.C.S.A. § 5608. My Agent is further authorized to proceed to obtain incidental and consequential damages, including court costs and attorney's fees, for any delay caused by said third party's(ies') refusal to honor this Power of Attorney.

<u>Third Party Immunity/Reliance:</u> Any person who acts in good faith reliance on my Power of Attorney shall incur no liability as a result of acting in accordance with the instructions of my Agent. This Power of Attorney shall continue in force and may be accepted and relied upon by anyone to whom it is presented despite my purported revocation of this Power, the age of this Power, the issuance of a court decree declaring my incapacity or my death until written notice of such event is received by such person or entity.

**D. <u>DURATION OF POWERS, RELIEF FROM LIABILITY, REVOCATION</u>**

1. This power shall not expire by reason of lapse of time.

2. I hereby ratify and confirm all that each Agent acting hereunder shall do or cause

(j) To obtain an elective share of the estate of my deceased spouse.

(k) To disclaim any interest in property.

(l) To renounce fiduciary positions.

(m) To withdraw and receive the income or corpus of a trust.

(n) To revoke a revocable trust over which I have a power of revocation.

(o) To receive governmental benefits.

7. To apply for and own, cash in, surrender, borrow against, purchase [illegible] my investment [illegible] and to exercise any incident of ownership over such policies; to assign or transfer ownership of any insurance policy(ies) to himself or others and/or to designate himself or others as beneficiary thereof; no such action will be considered self-dealing or violation of fiduciary duty. The above power shall be cumulative to the general authority set forth in paragraph [illegible] above.

8. Release of Medical Information Under 45 CFR 164.502(g). The Agent named in this Power of Attorney is hereby designated as my "Personal Representative" as defined by 45 CFR 164.502(g), commonly known as the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). The Agent is to have access to my health care information as I would have if I were able to act for myself. My Agent named herein is also authorized to take any and all legal steps necessary to ensure his access to information and such action shall include resorting to legal process, if necessary, to enforce my rights under the law and shall attempt to recover attorneys' fees and damages as authorized by statute and law in enforcing my rights.

9. In the event any third party fails to honor a request, [illegible] I authorize my Agent to proceed against said third party [illegible] incidental and consequential damages [illegible] My Agent is further authorized to proceed to obtain incidental and consequential damages, including court costs and attorney's fees, for any delay caused [illegible]

10. Third Party Immunity/Reliance. Any person who acts in good faith reliance on this Power of Attorney shall incur no liability as a result of acting in accordance with the instructions of my Agent. This Power of Attorney shall continue in force and may be accepted and relied upon by anyone to whom it is presented, despite any purported revocation of this power, [illegible] until [illegible] notice of my incapacity or my death or of written notice of such event is received by such person or entity.

C. [illegible]

1. This power shall not extend to [illegible]

2. I hereby ratify and confirm all that such Agent acting hereunder shall do [illegible]

to be done under this General Power of Attorney. I specifically direct that such Agent shall not be subject to any liability by reason of any of such Agent's decisions, acts or failures to act, all of which shall be conclusive and binding upon me, my personal representatives, heirs and assigns. Furthermore, except in the case of malfeasance of office, I agree to indemnify such Agent, and hold such Agent harmless, from all claims that may be made against such Agent as a result of such Agent in the amount of any damages, costs and expense that may be incurred as a result of any such claim.

3. This Power of Attorney shall be revoked by my giving such Agent acting hereunder written notification of the revocation, which notice shall not be considered binding unless actually received.

E. **WAIVER OF CONFLICT AND PRIVILEGE.**

I recognize that the Agent I have named may be in a conflict of interest position either because of a business, professional, or other relationship my Agent has with me. I waive any right I may have to object to my Agent acting, notwithstanding the conflict, because I believe my Agent will act according to my desires. I recognize that the attorney who represented me with regard to the execution of this Power of Attorney and possible other matters may be requested to represent my Agent as Fiduciary in acting pursuant to this Power of Attorney. I acknowledge that said attorney, being familiar with me and my circumstances, may be an appropriate professional to represent my Agent in following the directions set forth in this Power of Attorney. In light of this possibility, I hereby authorize my Agent to retain the services of said attorney who represented me in the execution of this Power of Attorney and I waive any conflicts of interest that may exist for said attorney in regard to said representation of my Agent. In addition, I authorize said attorney to reveal such confidential information as may be appropriate in said attorney's best professional judgment to assist my Agent in the performance of my Agent's duties under this document.

**IN WITNESS WHEREOF,** and intending to be legally bound, I have hereunto set my hand and seal this 7th day of December, 2018.

_____        _____ (SEAL)
Witness                                                       Earl K. Andrew, Jr.

_____
Witness

COMMONWEALTH OF PENNSYLVANIA  :
                            : ss
COUNTY OF FRANKLIN          :

On this 7th day of December, 2018, before me, a Notary Public, personally appeared Earl K. Andrew, Jr., known to me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument, and acknowledged that she executed the same for the purposes therein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

to be done under this General Power of Attorney. I specifically direct that such Agent shall not be subject to any liability by reason of any of such Agent's decisions, acts or failures to act, all of which shall be conclusive and binding upon me, my personal representatives, heirs, and assigns. I further [illegible] except in the case of malfeasance of office, I agree to indemnify such Agent and [illegible] Agent harmless from all claims that may be made against such Agent [illegible] for the amount of any damages, costs and expenses that may be incurred [illegible]

5. This Power of Attorney shall be revoked by my giving such Agent [illegible] written notification of the revocation, which notice shall not be considered binding [illegible]

## [illegible] CONSENT AND WAIVER

[illegible] the Agent [illegible] because of a business, professional or other relationship my Agent has with me. I waive any right I may have to object to my Agent acting, notwithstanding the conflict, because I believe my Agent will act according to my desires. I recognize that the attorney who represented me with regard to the execution of this Power of Attorney and possible other matters may be [illegible] to counsel my Agent as fiduciary in acting pursuant to this Power of Attorney. I acknowledge that said attorney, being familiar with me and my circumstances, may be an appropriate professional to represent my Agent in following the directions set forth in this Power of Attorney. In light of this possibility, I hereby authorize my Agent to retain the services of the attorney who represented me in the execution of this Power of Attorney and I waive any conflict of interest that may exist for said attorney in regard to said representation of my Agent. [illegible] I authorize said attorney to reveal such confidential information as may be appropriate in said attorney's best professional judgment to assist my Agent in the performance of [illegible] duties under this document.

IN WITNESS WHEREOF, and intending to be legally bound hereby, I have hereunto set my hand this ___ day of ________, 2018.

______________________
Earl K. Andrews, Jr.

______________________
Witness

COMMONWEALTH OF PENNSYLVANIA :
: ss :
COUNTY OF FRANKLIN :

On this ___ day of ________, 2018, before me, a Notary Public, personally appeared Earl K. Andrews, Jr., known to me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument and acknowledged that she executed the same for the purposes therein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

_[signature]_
Notary Public

Commonwealth of Pennsylvania - Notary Seal
Barbara J. Shultz, Notary Public
Adams County
My commission expires July 16, 2022
Commission number 1256914
Member, Pennsylvania Association of Notaries

## POWER OF ATTORNEY

## of Earl K. Andrew, Jr.

### ACKNOWLEDGMENT BY AGENT

I, the undersigned, have read the attached power of attorney and am the person identified as the agent for the principal. I hereby acknowledge that when I act as agent:

I shall act in accordance with the principal's reasonable expectations to the extent actually known by me and, otherwise, in the principal's best interest, act in good faith and act only within the scope of authority granted to me by the principal in the power of attorney.

_____          _12-7-2018_
Shirlee Ann Andrew                                           Date